---

## *EX PARTE* RAY.

1. The right of homestead secured by the constitution and the several acts passed in pursuance thereof, is not an estate, but is a mere right of exemption; hence, the only effect of an assignment of homestead is to ascertain and designate what particular property is covered by such exemption, so that the same cannot be applied to the payment of debts. And this the claimant, a widow, has the right to have done, upon petition to the proper officer.
2. The homestead laws do not affect the statute of distributions. The title to property is not changed by its being designated as a homestead for the family of one deceased, but such property remains subject to division under the statute of distributions.

---

Before FRASER, J., Marion, April, 1883.

The opinion states the case.

*Mr. W. W. Sellers,* for appellant.

*Mr. C. A. Woods,* contra.

November 27th, 1883. The opinion of the court was delivered by

MR. JUSTICE McIVER. On January 11th, 1882, John Ray departed this life intestate, and on February 1st, 1882, the re-

spondent, who is his widow, filed her petition before the master praying that a homestead might be assigned to her. A. L. Armfield, to whom letters of administration upon the personal estate of the intestate had been granted, filed sundry objections to the granting of the prayer of said petition, all of which were overruled by the master, who issued a commission to certain persons therein named requiring them to set apart to the petitioner a homestead out of the real estate of said John Ray, as well as personal property of the value of not more than $500. In pursuance thereof, the commissioners made their return setting apart a portion of the land as a homestead and also certain personal property specifically mentioned in said return, and valued it at an amount not exceeding $500. To this return, the administrator filed sundry exceptions, all of which were overruled by the Circuit judge, and the return of the commissioners was confirmed.

The administrator appeals "on the grounds taken before the master, mainly on the ground that the decedent, John Ray, not being in debt at the time of his death only to a small extent, compared even with his personal property, his widow is not entitled to a homestead either of the real or personal estate, as against his heirs-at-law; that it is only as against debts that homesteads are allowed." Under our recent rule we can only consider the ground of appeal, which is specifically stated, which indeed seemed to be the only ground relied upon in the argument here.

To dispose of this case it would be quite sufficient for us to say that we have no legal evidence before us as to the amount of the indebtedness of the intestate. The statement made by the administrator in his objections filed before the master, though sworn to by him, is manifestly not sufficient, for at that time the time allowed by law for presenting claims against the estate of a decedent had not expired, and it would have been impossible for the administrator to know the amount of the indebtedness of his intestate. Indeed, he only ventures to give an estimate "according to his best information."

But waiving all this, and assuming the fact to be, as the ad-

ministrator then supposed it to be, we are unable to see any ground upon which the appeal can be sustained. As we have held in *Elliott* v. *Mackorell,* 19 *S. C.* 239, the right of homestead secured by the constitution and the several acts passed in pursuance thereof, is not an estate but is a mere right of exemption. Hence the only effect of an assignment of homestead is to ascertain and designate what particular property is covered by such exemption, so that the same cannot be applied to the payment of debts. The petitioner had the right to have so much of the property of her deceased husband as was exempt from being applied to the payment of his debts, whether they were large or small, specifically designated and set apart, so as to prevent the administrator or any one else from applying or subjecting the same to the payment of such debts.

What interest the administrator has in the matter, it is difficult for us to conceive. If there should prove to be a sufficient amount of property, over and above that set apart under these proceedings, to pay the debts of the intestate, what possible objections can the administrator have to the designation of the particular property which cannot be applied to the payment of such debts. But if, on the other hand, there should not be a sufficient amount left for the payment of the debts, then, as we understand the argument of the appellant, it was conceded, and as we think properly conceded, the exemption could be claimed. The real ground of complaint on the part of the appellant seems to be the apprehension that by the assignment of homestead to the widow the interests of the other heirs-at-law and distributees in the property so assigned, will be either defeated or in some way impaired. What interest the administrator has in this matter, at least so far as the real estate is concerned, it is difficult to understand. But as the administrator may be regarded as the representative of the distributees, and bound to protect their interests in the personal property, we will consider the question.

We do not understand the homestead laws as designed to alter or in any way affect the statute for the distribution of intestate's estates, and they do not even purport so to do. It is true that the legislature might, if so minded, make that, or any other

alteration, in the law regulating the distribution of an intestate's estate, but we see nothing in the homestead laws indicating any such intention. On the contrary, as we have said, the sole purpose of these laws was to exempt a certain amount of property from liability for debt, leaving the title to such property exactly where it was before, and only throwing around it a shield to protect it from the grasp of creditors. It seems to us, therefore, that the assignment of homestead in this case can have no other effect than to designate and set apart certain property of the intestate as exempt from being applied in any way to the payment of his debts leaving the title to such property just where it was before, and leaving the property so designated as exempt, as well as any other that may remain after the payment of the debts of the intestate, to be divided amongst the heirs-at-law and distributees according to the provisions of the statute of distributions.

The judgment of this court is that the order of the Circuit Court which is appealed from, be affirmed.